IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALAIKA COLEMAN, Individually and on Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 1:19-cv-01745 |
| GARRISON PROPERTY & CASUALTY INSURANCE CO. and UNITED SERVICES AUTOMOBILE ASSOCIATION, ) ) ) ) ) | The Honorable Virginia M. Kendall |
| Defendants. ) ) | |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS COMPLAINT</u>**

**INTRODUCTION**

Plaintiff Malaika Coleman brings claims for alleged breach of her automobile insurance policy. After Plaintiff's vehicle was "totaled" in an accident, she submitted an insurance claim. Plaintiff does not dispute that she was paid the fair market value of her vehicle. Instead, she asserts that she was also entitled to payment of sales tax and transfer fees.

Plaintiff's claims fail as a matter of law. Under Illinois law, Plaintiff is not entitled to the payment of sales tax and transfer fees unless she (1) purchased a replacement vehicle and (2) substantiated her payment of any applicable sales tax and fees. Plaintiff's Complaint does not allege that she satisfied either requirement; to the contrary, she asserts that she is not required to comply with these Illinois requirements. Plaintiff is incorrect as a matter of law. Accordingly, Plaintiff's Complaint does not state a valid claim for breach of contract and should be dismissed with prejudice.

## BACKGROUND[1]

Plaintiff was insured under an automobile policy issued by Defendant Garrison Property and Casualty Insurance Company. (Compl., Ex. A (Dkt. 1-1) at ECF p. 5.)[2] Plaintiff alleges that on September 7, 2018, her car was involved in an accident and that she submitted an insurance claim under Part D—Physical Damage Coverage (Collision Coverage) for damage to her automobile. (Compl. (Dkt. 1) ¶ 43; *see id.*, Ex. A (Dkt. 1-1) (Plaintiff's insurance policy).) Garrison declared the vehicle a "total loss," which means that the cost to repair the vehicle was greater than its "**actual cash value** minus its salvage value after the loss." (Compl., Ex. A (Dkt. 1-1) at ECF p. 39) (bolded text in original).)[3] Plaintiff does not contest the amount Garrison paid for her totaled vehicle itself. Instead, she complains that Garrison did not pay her sales tax and transfer fees. (Compl. (Dkt. 1) ¶¶ 47–50.)

**I.      Plaintiff's Automobile Insurance Policy**

The "Insuring Agreement" of Plaintiff's Physical Damage Coverage specifies that Garrison's contractual obligation to Plaintiff is to pay for "loss":

> B.      Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto** . . . minus any applicable deductible shown on the Declarations.

(Compl., Ex. A (Dkt. 1-1) at ECF p. 26 (bolded text in original).)

---

[1] For purposes of this Rule 12(b)(6) Motion, Defendants assume the truth of the well-pleaded factual allegations in the Complaint and its Exhibits, but do not admit the truth of those allegations or any legal conclusions. *See infra* p. 4–5.

[2] Plaintiff calls her policy a "USAA Policy" (Compl. (Dkt. 1) ¶ 26), but the policy attached as Exhibit A to the Complaint clearly states that it was issued by Garrison, not Defendant United Services Automobile Association. (Dkt. 1-1 at ECF pp. 5–6.) The exhibits to a complaint control over any contrary allegations. *See infra* pp. 5–6. For purposes of this Motion, however, the question of which Defendant issued the applicable policy is not relevant.

[3] Bolded terms are defined in the policy. (Compl., Ex. A (Dkt. 1-1) at ECF p. 11.)

"**Loss**" is defined as "direct and accidental damage" to the vehicle, and "does not include any damage other than the cost to **repair** or replace":

> D. "**Loss**" means direct and accidental damage to the operational safety, function, or appearance of, or theft of, **your covered auto** . . . . **Loss** includes a total loss, but does not include any damage other than the cost to **repair** or replace. **Loss** does not include any loss of use, or diminution in value that would remain after **repair** or replacement of the damaged or stolen property.

(*Id.* at ECF p. 25.)

Garrison's "Limit of Liability" for a total loss claim, like Plaintiff's, is the "**actual cash value** of the vehicle." (*Id.* at ECF pp. 38–39.) "**Actual cash value**" is defined as

> the amount that it would cost, at the time of **loss**, to buy a comparable vehicle. As applied to **your covered auto**, a comparable vehicle is one of the same make, model, model year, body type, and options with substantially similar mileage and physical condition.

(*Id.* at ECF p. 25.)

Finally, the policy provides that "[i]f any of the terms of this policy conflict with state or local law, state or local law will apply." (*Id.* at ECF p. 31.)

## II. Illinois Law on Total Loss Claims Adjustment

The Illinois Administrative Code sets forth "required claims practices" for private passenger automobile insurance, like Plaintiff's. 50 Ill. Admin. Code § 919.80. Relevant to this litigation is Section 919.80(c)(3)(A)(i), which outlines an insurance company's obligations in the event of a total loss. Under this provision, an insurer is required to reimburse the insured for "applicable sales taxes and transfer and title fees incurred on account of the purchase or lease of the vehicle," so long as the insured "substantiate[s]" the purchase of a replacement vehicle and the applicable taxes and fees with "appropriate documentation" within 33 days after receipt of the total loss payment:

> *If a cash settlement is provided, and if within 30 days after the receipt of the settlement by the insured, the insured has purchased or leased a vehicle, the company is required to reimburse the insured for the applicable sales taxes and transfer and title fees incurred on account of the purchase or lease of the vehicle, but not exceeding the amount payable on account of the value of the total loss vehicle. If the insured purchases or leases a vehicle with a market value less than the amount of the settlement, then the company is required to reimburse only the amount of the applicable sales tax and transfer and title fees incurred by the insured. If the insured cannot substantiate such purchase and the payment of such taxes and fees, by submission to the company of appropriate documentation within 33 days after the receipt of settlement, the company shall not be required to reimburse the insured for the sales taxes or transfer or title fees.*

*Id.* (emphasis added).

### III. Plaintiff's Claims in This Lawsuit

Plaintiff brings two claims for breach of contract on behalf of herself and two putative classes of insureds. (Compl. (Dkt. 1) ¶¶ 51–53, 62–82.) The putative class claims are not at issue in this Motion.

Plaintiff does not contend that Defendants violated Illinois law governing when insurers are required to pay sales tax and transfer fees on totaled vehicles. In fact, the Complaint does not even mention 50 Ill. Admin. Code § 919.80. Nor does Plaintiff allege that she purchased or leased a replacement vehicle, much less "substantiated" the applicable taxes and fees paid on a replacement vehicle. Instead, Plaintiff contends that, contrary to Illinois law, she is entitled to the payment of sales tax and fees even if she did not purchase or lease a replacement vehicle. Defendants now move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6).

### RULE 12(b)(6) STANDARD

A complaint must be dismissed pursuant to Rule 12(b)(6) when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and construes any reasonable inferences in favor

4

of the plaintiff. *See, e.g.*, *Jasper v. Abbott Labs., Inc.*, 834 F. Supp. 2d 766, 770 (N.D. Ill. 2011) (dismissing putative class claims for failure to adequately allege elements of claims). Although the complaint need not contain " '[d]etailed factual allegations,' " the plaintiff must allege facts that, " 'when accepted as true . . . state a claim to relief that is plausible on its face.' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Morgan v. Nat'l R.R. Passenger Corp.*, No. 18 C 3379, 2019 WL 414714, at *2 (N.D. Ill. Feb. 1, 2019) (quoting *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015)).

It is not enough " 'for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief . . . by providing allegations that raise a right to relief above the speculative level.' " *Leppert v. Champion Petfoods USA Inc.*, No. 18 C 4347, 2019 WL 216616, at *5 (N.D. Ill. Jan. 16, 2019) (dismissing putative class action claims) (quoting *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007)) (emphasis in original). The Court should "draw on its judicial experience and common sense" to determine whether a complaint has met this standard. *Jasper*, 834 F. Supp. 2d at 770.

Finally, the exhibits to the Complaint must also be taken into account when determining whether a complaint states a valid claim. When the allegations of the complaint are contradicted by the terms of an exhibit, the exhibit controls. *See, e.g.*, *McGill v. MacNeal Vanguard Health Sys.*, No. 12 C 9558, 2012 WL 6727351, at *3 (N.D. Ill. Dec. 28, 2012) (citing *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007)).

## **ARGUMENT**

To state a valid claim for breach of contract, Plaintiff must plead (1) the existence of a valid and enforceable contract, (2) her performance under that contract, (3) Defendants' breach

5

of that contract, and (4) damages proximately caused by that breach. *Reger Dev., LLC v. Nat'l City Bank*, No. 08 C 6200, 2009 WL 1233898, at *2 (N.D. Ill. Apr. 28, 2009) (Kendall, J.) (dismissing putative class claim for breach of contract). "A breach can only exist where a party fails to carry out a term, promise, or condition of a contract." *Officemax, Inc. v. NHS Human Servs., Inc.*, No. 1:16 C 9111, 2017 WL 1022078, at *2 (N.D. Ill. Mar. 15, 2017) (internal citation and quotations omitted).

Plaintiff's Complaint fails to state a valid claim for breach of contract because Plaintiff fails to allege a breach of her insurance policy or damages proximately resulting from an alleged breach. There is no contractual term in Plaintiff's policy providing for the payment of sales tax or transfer fees when the insured does not purchase or lease a replacement vehicle, and Plaintiff does not contend otherwise.

Indeed, Illinois law is to the contrary, and requires the payment of such taxes and fees only when the insured (1) purchases or leases a replacement vehicle within 30 days of the total loss settlement with the insurer and (2) substantiates the payment of sales tax and transfer fees within 33 days of that settlement. 50 Ill. Admin. Code § 919.80(c)(3)(A)(i). The terms of Section 919.80(c)(3)(A)(i) are incorporated into Plaintiff's policy. *See, e.g.*, *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000) ("Illinois laws are automatically incorporated into all contracts of insurance in that state."); *Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 861 (7th Cir. 1997) (applying Illinois law) ("It is fundamental insurance law that existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and . . . become a part of the contract as much as if they were actually incorporated therein.") (internal citation and quotations omitted); *see also* Compl., Ex. A (Dkt. 1-1) at ECF p. 31 (Plaintiff's insurance policy provides that "state or local law" shall apply).

6

Plaintiff's Complaint does not allege that she (1) purchased or leased a replacement vehicle or (2) substantiated the payment of applicable sales tax and transfer fees on a replacement vehicle. Indeed, although Plaintiff alleges that "under Illinois law" these taxes and fees "are mandatory automobile replacement costs" (Compl. (Dkt. 1) ¶ 5, 34), under the applicable Illinois law governing an insurer's claims practices in a total loss situation, those costs are recoverable only if the two stated requirements have been met. Here, Plaintiff's Complaint alleges no such thing. Accordingly, the Complaint fails to state a claim for breach of contract.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's Complaint with prejudice.

Dated: May 13, 2019

Respectfully submitted,

/s/ *Jay Williams*
Jay Williams
Paula M. Ketcham
Kirstie Brenson
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
jwilliams@schiffhardin.com
pketcham@schiffhardin.com
kbrenson@schiffhardin.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 13, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

                                                  */s/ Jay Williams*
                                                  Jay Williams