# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MALAIKA COLEMAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:19-cv-01745 ) |
| GARRISON PROPERTY & CASUALTY INSURANCE CO. and UNITED SERVICES AUTOMOBILE ASSOCIATION, | ) The Honorable Virginia M. Kendall ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

### INTRODUCTION

Plaintiff's First Amended Complaint (Dkt. 35) does nothing to remedy the deficiencies this Court identified in its Memorandum Opinion and Order ("Opinion") dismissing the original Complaint (Dkt. 34).[1]

This Court dismissed the original complaint because Defendants are not obligated under the insurance policy to pay sales tax and title fees. First, the Court rejected Plaintiff's contention that Defendants were obligated to pay the actual cash value ("ACV") of a vehicle. The Court ruled that ACV was "the limit on Defendants' liability—not the amount that Defendants promised to pay her." (Opinion (Dkt. 34) at 5.)

Second, the Court ruled that even if Defendants were obligated to pay ACV, the definition of ACV is confined to "the purchase price of the vehicle itself." (*Id.* at 6.) As the

---

[1] *Coleman v. Garrison Property & Cas. Ins. Co.*, No. 19 C 1745, 2019 WL 3554184 (N.D. Ill. July 31, 2019).

Court correctly concluded: "Nothing in the plain language of the policy provisions Plaintiff cites as the basis for her claim can reasonably be construed as an express promise to pay sales tax and title fees, and Plaintiff does not point to any other provision in the policy that Defendants breached." (*Id.* at 6.)

Finally, the Court held that the Illinois regulation, Ill. Admin. Code tit. 50, § 919.80(c)(3)(A), does not provide a basis for Plaintiff's claim, either. The regulation provides "two options for insureds to receive reimbursement for the taxes and fees at issue, but neither option applies here": (1) Plaintiff did not allege that she purchased a vehicle within 30 days of receiving the cash settlement, and (2) the second option provides only that insurers "may" pay taxes and fees at the time of settlement, and does not require such payment. (Opinion (Dkt. 34) at 8-9.) The Court concluded that because Plaintiff did not have a valid individual claim, the putative class action allegations must be dismissed without prejudice as well. (*Id.* at 9-10.)

The First Amended Complaint does not allege any new relevant facts that would state a valid claim for breach of contract. Like the original complaint, the First Amended Complaint does not allege that Plaintiff purchased another vehicle. Instead, Plaintiff quotes from the insurance policy and a third-party valuation report (the same exhibits in the original complaint) to rehash legal arguments this Court already rejected regarding the policy definition of ACV. The First Amended Complaint is effectively a motion to reconsider disguised as an amended pleading.

Plaintiff has had a sufficient opportunity to remedy the defects in her original pleading, but has failed to do so. Accordingly, Defendants respectfully request that the Court dismiss this case with prejudice.

# BACKGROUND[2]

The basic allegations of Plaintiff's original complaint are unchanged in the First Amended Complaint.

## I. Plaintiff's Accident

Plaintiff alleges that she was insured under a policy issued by Defendant Garrison Property and Casualty Insurance Company. (1st Am. Compl., Ex. A (Dkt. 35-1) at ECF p. 5.)[3] Plaintiff alleges that on September 7, 2018, her car was involved in an accident and that she submitted an insurance claim for damage to her automobile. (1st Am. Compl. (Dkt. 35) ¶ 42; *see id.*, Ex. A (Dkt. 35-1) (Plaintiff's insurance policy).) Plaintiff's vehicle was a "total loss," which means that the cost to repair the vehicle was greater than its "**actual cash value** minus its salvage value after the **loss**." (1st Am. Compl., Ex. A (Dkt. 35-1) at ECF p. 39) (bolded text in original).)[4]

## II. Plaintiff's Automobile Insurance Policy

The "Insuring Agreement" of the policy provides that Garrison's contractual obligation is to pay for "loss":

> B. Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto** . . . minus any applicable deductible shown on the Declarations.

---

[2] For purposes of this Rule 12(b)(6) Motion, Defendants assume the truth of the well-pleaded factual allegations in the First Amended Complaint and its exhibits, but do not admit the truth of those allegations or any legal conclusions. *See infra* p. 6.

[3] Plaintiff again calls her policy a "USAA Policy" (1st Am. Compl. (Dkt. 35) ¶ 26), but the policy attached as Exhibit A clearly states that it was issued by Garrison, not Defendant United Services Automobile Association. (Dkt. 35-1 at ECF pp. 5–6.) The exhibits to a complaint control over any contrary allegations. *See infra* p. 6. For purposes of this Motion, however, the question of which Defendant issued the applicable policy is not relevant.

[4] Bolded terms are defined in the policy. (1st Am. Compl., Ex. A (Dkt. 35-1) at ECF p. 11.)

(1st Am. Compl., Ex. A (Dkt. 35-1) at ECF p. 26 (bolded text in original).)

"**Loss**" is defined as follows:

D. "**Loss**" means direct and accidental damage to the operational safety, function, or appearance of, or theft of, **your covered auto** . . . . **Loss** includes a total loss, but does not include any damage other than the cost to **repair** or replace. **Loss** does not include any loss of use, or diminution in value that would remain after **repair** or replacement of the damaged or stolen property.

(*Id.* at ECF p. 25.)

The "Limit of Liability" for a total loss claim is the "**actual cash value** of the vehicle"

(*Id.* at ECF pp. 38–39), which is defined as

the amount that it would cost, at the time of **loss**, to buy a comparable vehicle. As applied to **your covered auto**, a comparable vehicle is one of the same make, model, model year, body type, and options with substantially similar mileage and physical condition.

(*Id.* at ECF p. 25.)

Finally, the policy provides that "[i]f any of the terms of this policy conflict with state or local law, state or local law will apply." (*Id.* at ECF p. 31.)

**III.     Illinois Law on Total Loss Claims Adjustment**

The Illinois Administrative Code sets forth "required claims practices" for private passenger automobile insurance, like Plaintiff's. 50 Ill. Admin. Code § 919.80. Section 919.80(c)(3)(A)(i) outlines an insurance company's obligations in the event of a total loss. Under this provision, an insurer is required to reimburse the insured for "applicable sales taxes and transfer and title fees incurred on account of the purchase or lease of the vehicle," so long as the insured "substantiate[s]" the purchase of a replacement vehicle and the applicable taxes and fees with "appropriate documentation" within 33 days after receipt of the total loss payment:

*If a cash settlement is provided, and if within 30 days after the receipt of the settlement by the insured, the insured has purchased or leased a vehicle, the company is required to reimburse the insured for the applicable sales taxes and*

4

*transfer and title fees incurred on account of the purchase or lease of the vehicle, but not exceeding the amount payable on account of the value of the total loss vehicle.* If the insured purchases or leases a vehicle with a market value less than the amount of the settlement, then the company is required to reimburse only the amount of the applicable sales tax and transfer and title fees incurred by the insured. *If the insured cannot substantiate such purchase and the payment of such taxes and fees, by submission to the company of appropriate documentation within 33 days after the receipt of settlement, the company shall not be required to reimburse the insured for the sales taxes or transfer or title fees.*

*Id.* (emphasis added).

**IV.    The First Amended Complaint**

Plaintiff again brings two claims for breach of contract on behalf of herself and two putative classes of insureds. (1st Am. Compl. (Dkt. 35) ¶¶ 51–53, 62–82.) Plaintiff relies on the same exhibits that were attached to the original complaint: the insurance policy (Ex. A, Dkt. 35-1), the total loss explanation letter (Ex. B, Dkt 35-2), and a third-party valuation report (Ex. C, Dkt. 35-3).

Like the original complaint, Plaintiff does not contest the amount Garrison paid for her totaled vehicle itself. Instead, she complains that Garrison did not pay sales tax,[5] even though she did not purchase or lease a new car. (1st Am. Compl. (Dkt. 35) ¶¶ 47–50.) Unlike the original complaint, however, the First Amended Complaint does *not* claim that Plaintiff was entitled to payment of title transfer or other fees. (*Compare* Dkt. 35 ¶¶ 3, 5, 25, 37-39, 47, 48, 50, 52, 53, 58, 68-71, 79-82 *with* Dkt. 1 ¶¶ 3, 5, 25, 34-39, 47-50, 52, 53, 58, 68-71, 79-82.)

The First Amended Complaint attempts to recharacterize Plaintiff's policy as an "actual cash value" policy. (*See, e.g.*, 1st Am. Compl. (Dkt. 35) ¶¶ 29-32.) Plaintiff also quotes from the third-party valuation report (Dkt. 35, Ex. C), which included sales tax as part of the recommended total loss settlement. The First Amended Complaint also includes legal

---
[5] Plaintiff changed her allegation from a 6.25% tax to 10.25%. (*Compare* Dkt. 35 ¶ 49 *with* Dkt. 1 ¶ 49.)

5

conclusions regarding the alleged cost to "buy" an automobile in Illinois (1st Am. Compl. (Dkt. 35) ¶¶ 5, 37), although Plaintiff cites to the Illinois provision on use tax, not sales tax. *See* 35 ILCS 105/3.

## **RULE 12(b)(6) STANDARD**

This Court set out the Rule 12(b)(6) standard in its Opinion:

> "To survive a motion to dismiss under 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.' " *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.' " *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original).
>
> The Court construes the complaint and attached exhibits "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in her favor." *Reynolds*, 623 F.3d at 1146. "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). "Where an exhibit and the complaint conflict, the exhibit typically controls." *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). "A court is not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document." *Id.*

(Opinion (Dkt. 34) at 3.)

## **ARGUMENT**

To state a valid claim for breach of contract, Plaintiff must plead (1) the existence of a valid and enforceable contract, (2) her performance under that contract, (3) Defendants' breach of that contract, and (4) damages proximately caused by that breach. *Reger Dev., LLC v. Nat'l City Bank*, No. 08 C 6200, 2009 WL 1233898, at *2 (N.D. Ill. Apr. 28, 2009) (Kendall, J.) (dismissing putative class claim for breach of contract). "A breach can only exist where a party

6

fails to carry out a term, promise, or condition of a contract." *Officemax, Inc. v. NHS Human Servs., Inc.*, No. 1:16 C 9111, 2017 WL 1022078, at *2 (N.D. Ill. Mar. 15, 2017) (internal citation and quotations omitted). Plaintiff's First Amended Complaint fails to state a valid claim for breach of contract.

First, as this Court correctly concluded, there is no contractual term in Plaintiff's policy providing for the payment of sales tax when the insured does not purchase or lease a new vehicle. (Opinion (Dkt. 34) at 4-7.) Plaintiff's attempt to recharacterize her insurance policy as an "ACV" policy is without merit. As this Court already determined, ACV is "the limit on Defendants' liability—not the amount that Defendants promised to pay her." (Opinion (Dkt. 34) at 5.)

Second, Plaintiff's reliance on the third-party valuation report is misplaced. That third-party report is not part of Defendants' contractual obligation, and in any event it is not a statement that Plaintiff is *entitled* to the payment of sales tax; the report merely provides a recommended valuation in the event that the payment of sales tax is appropriate. As this Court ruled, there is no such obligation under Defendants' policy.

Finally, under Illinois law, insurers are not obligated to pay sales tax on totaled vehicles unless the insured (1) purchases or leases a vehicle within 30 days of the total loss settlement with the insurer and (2) substantiates the payment of sales tax within 33 days of that settlement. 50 Ill. Admin. Code § 919.80(c)(3)(A)(i). Plaintiff does not allege that she satisfies either condition. Although this Court did not rule on this issue, Defendants submit that the terms of Section 919.80(c)(3)(A)(i) are incorporated into Plaintiff's policy. *See, e.g.*, *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000) ("Illinois laws are automatically incorporated into all contracts of insurance in that state."); *Plumb v. Fluid Pump Serv., Inc.*, 124

[F.3d 849, 861 (7th Cir. 1997)](#) (applying Illinois law) ("It is fundamental insurance law that existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and . . . become a part of the contract as much as if they were actually incorporated therein.") (internal citation and quotations omitted); *see also* [1st Am. Compl., Ex. A (Dkt. 35-1) at ECF p. 31](#) (Plaintiff's insurance policy provides that "state or local law" shall apply).

Accordingly, the First Amended Complaint provides no basis, under either the policy or Illinois law, for the payment of sales tax to Plaintiff.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's First Amended Complaint with prejudice.

Dated: September 10, 2019

Respectfully submitted,

/s/ *Jay Williams*
Jay Williams
Paula M. Ketcham
Kirstie Brenson
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
jwilliams@schiffhardin.com
pketcham@schiffhardin.com
kbrenson@schiffhardin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

*/s/ Jay Williams*
Jay Williams
