UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALAIKA COLEMAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE CO. and UNITED SERVICE AUTOMOBILE ASSOCIATION,<br><br>      Defendants. | Civil Action No. 1:19-cv-01745<br><br>The Honorable Virginia M. Kendall |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO ALTER JUDGMENT**

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff respectfully requests that the Court reconsider and alter the judgment entered on January 30, 2020 (Dkt. No. 46). Specifically, Plaintiff requests that the Court vacate the judgment entered in Defendants' favor, and either deny Defendants' Motion to Dismiss (Dkt. No. 36) or grant Plaintiff leave to replead her complaint.

**BACKGROUND**

Plaintiff's vehicle was insured by Defendants. (Dkt. No. 35, Amended Complaint, ¶¶ 1, 26.) She got into an accident, and Defendants declared the vehicle a "total loss." (*Id.* ¶¶ 2, 43.) Plaintiff alleges that, under the terms of her policy, she was owed the "actual cash value" of her vehicle, and that Defendants failed to pay the full amount of the vehicle's "actual cash value," thus breaching the policy contract. (*Id.* ¶¶ 4-5, 28-50.) The court held that the policy did not promise "actual cash value," and dismissed the complaint with prejudice. (Dkt. No. 45.) Neither the Court nor Defendants have pointed to policy language that states what Defendants owe in the event of a

"total loss," if not the insured vehicle's "actual cash value." (*See* Dkt. Nos. 37 and 42, Defendants' Memorandums in Support of Motion to Dismiss; Dkt. No. 45.)

## LEGAL STANDARD

The purpose of a Rule 59(e) motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corporation v. International Fidelity Insurance Company, 561 F. Supp. 656, 665 (N.D. Ill. 1982)*. In the context of a motion to dismiss under Rule 12(b)(6), the court may "properly entertain a Rule 59(e) motion on the additional ground that the court had patently misunderstood the complaint, or made an error not of reasoning but of apprehension." *Craig v. Refco, Inc.*, 1986 WL 2613, at *1 (N.D. Ill. Feb. 20, 1986) (internal quotation marks omitted). District courts have "broad discretion" in ruling on Rule 59(e) motions. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).

## ARGUMENT

Reconsideration under Rule 59(e) is appropriate for three reasons.

***First***, new evidence, in the form of one of Defendant United Service Automobile Association's webpages, supports Plaintiffs' interpretation of Defendants' policy that the policy promises an "actual cash value" payment in the event of a total loss. (*See* Ex. A to Decl. of Daniel Ferri, filed herewith.) The webpage states that when an insured vehicle is totaled "***you'll receive payment from the insurer for its actual cash value***."[1] (*Id.*) This is an unambiguous statement of Defendants' intent to pay "actual cash value" in the event of a total loss. While the Court found that the post-loss correspondence from Defendants to Plaintiff, in which they stated that they were paying Plaintiff "actual cash value," were not a "reflection of Defendants' intent" to pay "actual

---

[1] Plaintiff and her counsel were unaware of this webpage at the time the Amended Complaint was filed and at the time of the motion to dismiss briefing. The website appears to have been published on or around October 14, 2019, which is almost a month after Plaintiff filed her Opposition to Defendant's Motion to Dismiss. There was no hearing on Defendants' Motion to Dismiss, and Plaintiff did not have the opportunity to present this evidence to the Court.

2

cash value" in the event of total loss (Dkt. No. 45 at 7), this webpage is indeed a reflection of such intent. The webpage shows that Plaintiff's interpretation of Defendants' Policy as promising "actual cash value" in the event of total loss is reasonable. Because Plaintiff's interpretation is reasonable, the complaint cannot be dismissed. *See Employers Ins. of Wausau v. Elhco Liquidating Trust*, 708 N.E.2d 1122, 1130 (Ill. 1990) ("Where competing reasonable interpretations of a policy exist . . . the court must construe the policy in favor of the insured and against the insurer that drafted the policy.") To the extent that the Court finds that it cannot consider this webpage for the purposes of Defendants' Motion to Dismiss because it is not cited within the Amended Complaint, Plaintiff respectfully requests leave to replead to include this webpage.

*Second*, the Court erred in finding that Defendants are not obligated to pay "actual cash value" in the event of a total loss. While not disputing that Defendants are obligated to pay *something*, in the event an insured suffers the total loss of her vehicle, neither the Court nor Defendants have pointed to any policy language that defines what that *something* is, if it is not the "actual cash value" of the vehicle. Thus, at most, the record shows that there is ambiguity as to what the policy promise to pay in the event of a total loss. Ambiguity precludes dismissal. *See Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 373 (7th Cir. 1992) ("If the language of an alleged contract is ambiguous regarding the parties' intent, the interpretation of the language is a question of fact which a [court] cannot properly determine on a motion to dismiss.").

*Third,* the Court misapprehended the Policy's promise of payment in the event of a total loss. *See Schilke v. Wachovia Mortgage*, FSB, 758 F. Supp. 2d 549, 562 (N.D. Ill. 2010) (granting Rule 59(e) motion because court's misapprehension of allegations in complaint led to a manifest error in law in dismissing one of the counts). Under the terms of Defendants' Policy, a total loss occurs where the cost to repair the vehicle exceeds the actual cash value of the vehicle less salvage

3

value. (Dkt. No. 35 at ¶¶ 31.) This is consistent with the language in Defendants' Policy, which promises to pay for loss in money or to repair or replace the property. (Dkt. 35-1, Ex. A to Complaint, the Policy, at 19 of 28 ("We may pay for the loss in money, or repair or replace the damaged or stolen property.").) In paying the cost to repair damage, the Policy permits Defendants to measure such costs utilizing (less expensive) non-original manufacturer parts, to deduct for any prior damage, and to utilize an estimate Defendants can procure. (*Id*.) However, the Policy further limits Defendants liability for paying repair costs by stating that if the repair costs exceed the actual cash value less salvage value of the vehicle, Defendants are not obligated to pay the higher repair costs amount, but only the lesser actual cash value amount. (*Id*.) Defendants term this scenario – where the actual cash value less salvage value is less than the repair costs – a "total loss." (*Id*. ("We will declare your covered auto to be a total loss if…the cost to repair it would be greater than its actual cash value minus its salvage value…").)

Plaintiff's vehicle was declared a total loss. (Dkt. No. 35 at ¶ 43.) Accordingly, Plaintiff does not seek the higher amount of repair costs, but rather concedes Defendants were permitted to pay the lesser amount of actual cash value. This Court, however, held that actual cash value is a limitation on liability and "[t]here is simply no language in the policy that says, 'in the event of a total loss, Defendants will pay the actual cash value of the vehicle' or anything to that effect." (Dkt. No. 45 at 5.) But what the Court did not apprehend is that it is precisely *because* actual cash value is less than the repair costs – and thus necessarily the relevant limitation on liability – that the vehicle is what Defendants term a total loss. If the repair costs owed by Defendants were less than the actual cash value, the vehicle would not be a total loss. With the repair costs exceeding the vehicle's actual cash value, Defendants no longer owe such costs because actual cash value is a limitation on liability, and Defendants are thus permitted to pay this lesser amount. Plaintiff would be happy to receive the higher repair costs amount. But her Complaint seeks the lesser

4

actual cash value amount because the Policy permits Defendants to pay the lesser actual cash value amount rather than the higher repair costs amount.

It is impossible for Plaintiff to be owed neither the amount necessary to repair or replace the damage nor the actual cash value.[2] (Dkt. 35-1, Ex. A to Complaint, the Policy, at 19 of 28.) Plaintiff alleged the repair costs exceeded actual cash value. (Dkt. No. 35 at ¶¶ 31, 43.) Thus, the *least* amount Plaintiff could have been owed is actual cash value.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this Court should reconsider it Order granting Defendants' Motion to Dismiss (Dkt. No. 45) and alter the judgment entered on January 30, 2020 (Dkt. No. 46).

Dated: February 6, 2020

Respectfully submitted,

*/s/Daniel R. Ferri*
Adam J. Levitt
Daniel R. Ferri
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

Edmund A. Normand
Jacob Phillips
**NORMAND LAW, PLLC**
62 West Colonial Street, Suite 209
Orlando, Florida 32814
Telephone: 407-603-6031
ed@ednormand.com

---

[2] This must be the case – if insureds are not owed the cost to repair or replace the damage, but are also not owed actual cash value, what are they owed? For this reason, courts recognize that auto policies provide that insureds are owed either the cost to repair or replace, or they are owed actual cash value. *See, e.g.*, *Sims v. Allstate Ins. Co.*, 851 N.E.2d 701, 705 (Ill. Ct. App. 2006) ("Allstate therefore has the option to pay the actual cash value of the property or part at the time of the loss or to pay the cost to repair the property or to replace the property").

jacob@ednormand.com

Scott Edelsberg
**EDELSBERG LAW, PA**
2875 NE 191st Street, Suite 703
Aventura, Florida 33180
Telephone: 305-975-3320
scott@edelsberglaw.com

Andrew J. Shamis
**SHAMIS & GENTILE, P.A.**
14 NE First Avenue, Suite 400
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff
and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

<em>/s/ Daniel R. Ferri</em><br>Daniel R. Ferri