IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALAIKA COLEMAN, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | No. 19 C 1745 |
| v. | Judge Virginia M. Kendall |
| GARRISON PROPERTY & CASUALTY INSURANCE CO. and UNITED SERVICES AUTOMOBILE ASSOCIATION, | |
| *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff Malika Coleman's Motion to Alter Judgment pursuant to Federal Rule of Procedure 59(e). For the following reasons, Coleman's Motion to Alter Judgment (Dkt. 47) is denied.

## BACKGROUND

The facts of this case have been discussed by this Court previously in its Memorandum Opinion and Order granting Defendants' Motion to Dismiss. (Dkt. 45). The Court provides only a brief summary here. Plaintiff Malaika Coleman brought her action individually and on behalf of two classes against her car insurance provider. (*Id.* at 1). She alleged that she was harmed because her insurer did not include the costs of sales tax and title transfer fees in the reimbursement, which she alleged was a breach of her insurance agreement. (*Id.*, citing Dkt. 1 ¶¶ 1-5). At issue in the complaint was that Coleman's USAA insurance policy provides that

Defendants will pay for each "loss" to a covered auto. (*Id.* at 2, citing Dkt. 1 ¶ 26). The policy defines "loss" as "direct and accidental damage," which "includes a total loss, but does not include any damages other than the cost to repair or replace." (*Id.*, citing Dkt. 1 ¶ 28; Dkt. 35-1 at 25.) The limit of USAA's liability for total loss is "the actual cash value of the vehicle," which the policy defines as "the amount it would cost, at the time of loss, to buy a comparable vehicle." (*Id.*, citing Dkt. 1 ¶¶ 30, 33; Dkt. 35-1 at 25, 27.) The policy does not define "actual cash value" as excluding the costs of sales taxes. (*Id.*, citing Dkt. 1 ¶ 35.) Plaintiff alleged that Defendants promised to pay her the "actual cash value" of her vehicle and breached their agreement by not including the costs of sales taxes in the "actual cash value" payment for her total loss. (*Id.*, citing Dkt. 1 ¶¶ 37-39, 50.)

Defendants moved to dismiss (Dkt. 20), which this Court granted on January 30, 2020, agreeing that the provision Plaintiff cited about "actual cash value" is not the relevant provision because it is the limit of their liability, not the amount Defendants promised to pay. (Dkt. 45 at 5). The Court further held that in any event the policy does not require Defendants to pay sales tax and title transfer fees. (Dkt. 45 at 5-6). Plaintiff timely filed her Motion to Alter Judgment on February 6, 2020, claiming new facts and that the Court made manifest errors of fact in its judgment. (Dkt. 47; Dkt. 48).

## STANDARD OF REVIEW

Rule 59(e) "allows district courts to take a second look at their decisions ... only within narrow bounds." See, e.g., *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*,

No. 17 C 2153, 2018 WL 4679559, at *3 (N.D. Ill. Sept. 28, 2018). For relief under Rule 59(e), the movant must "clearly establish[ ]: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *see also Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011); see also, e.g., *Silha v. ACT, Inc.*, 2014 WL 11370441, at *1 (N.D. Ill. Dec. 15, 2014) ("Motions under Rule 59(e) serve the limited function of allowing the Court to correct manifest errors of law or fact or consider newly discovered material evidence.") (citation omitted). Rule 59(e) motions "are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quotation omitted). They are also "not to be used to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). The decision whether to grant Rule 59(e) motions is entrusted to the sound discretion of the district court. *Miller*, 683 F.3d at 813.

## **DISCUSSION**

Coleman states that she is entitled to a grant of the Motion to Alter Judgment due to three arguments. First, Coleman claims that Defendant United Services Automobile Association's website presents "new evidence" that bolsters their interpretation of Defendant's policy. (Dkt. 48 at 2). Second, while it is unclear under what prong of 59(e) they are arguing, Coleman states that there was ambiguity as to

what the policy promises to pay in the event of a total loss, claiming that "ambiguity precludes dismissal." (Dkt. 48 at 3). Coleman finally states that the Court misapprehended the Policy's promise of payment in the event of a total loss. (*Id.*). It is outrageous after two complaints and two adverse rulings that Coleman now seeks to alter judgment when the Court has presented a fair opportunity to Coleman to litigate her claims. Since Coleman does not clearly establish that there has been newly discovered evidence, nor that the Court made a manifest error of law or fact, Coleman's Motion to Alter Judgment is denied.

## I. Defendant USAA's Webpage Does Not Constitute New Evidence

Coleman cites USAA's website as new evidence that purportedly supports her interpretation of the Defendants' policy that the policy promises an "actual cash value" payment in the event of a total loss. (Dkt. 48 at 2; Dkt. 52 at 3). As discussed above, Rule 59(e) motions "are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller*, 683 F.3d at 813 (7th Cir. 2012). Rule 59 (e) motions are not appropriate for "presenting evidence that could have [been] raised during the pendency of the motion presently under reconsideration." *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007).

Coleman's attorney states that he found this webpage on January 30, 2020 and that its publication date was October 14, 2019. (Dkt. 48-1 at ¶¶ 5-6). The Court granted Defendants' Motion to Dismiss on January 30, 2020. (Dkt. 45). The webpage clearly does not constitute new evidence that was unavailable prior to the Court's

dismissal. Evidence that is "available to a movant prior to judgment and during the pendency of a motion is not 'newly discovered' for the purposes of Rule 59(e)." *Guaranteed Rate, Inc. v. Barr*, 2013 WL 2452293, at *2 (N.D. Ill. 2013); *see also In re Prince*, 85 F.3d 314,324 (7th Cir. 1996) (A "Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to the entry of final judgment." (quoting *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856,867 (7th Cir. 1996).

Coleman makes no showing about why, through reasonable diligence, she could not have found this website earlier. As a "party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier," the Court will not consider USAA's webpage. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir.1996).

## II.    There Was No Manifest Error of Law or Fact

Coleman is not entitled to an altered judgment as she fails to clearly demonstrate a manifest error of law or fact. Instead, Coleman seeks to re-litigate past claims that have already been dismissed. First, Coleman states that the Court "erred in finding" that Defendants are not obligated to pay "actual cash" value in the event of a total loss. Coleman claims that "[w]hile not disputing that Defendants are obligated to pay something…neither the Court nor Defendants have pointed to any policy language that defines what that something is, if it is not the 'actual cash value' of the vehicle." (Dkt. 48 at 3). Coleman claims that this is an ambiguity, such that she is entitled to the extraordinary measure of altering a judgment. The Court does

not believe this is a manifest error. "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d at 606. Rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* Defendant must "clearly establish" such "manifest error" to prevail. *Cincinnati Life Ins. Co.*, 722 F.3d at 954. At issue in the Motion to Dismiss was whether Defendants were obligated to pay Plaintiff sales tax and title fees under the policy. (Dkt. 45 a 4). The Court decided that "actual cash value" is not the relevant provision because it is the limit of their liability, not the amount they promised to pay, and that the policy does not include sales tax and title transfer fees in that amount. (*Id.* at 5). Defendants claim that the judgement has led to an ambiguity about what the Defendants owe, and claim "ambiguity precludes dismissal." However, this was not an ambiguity that was presented at the dismissal stage for the Court to resolve. (Dkt. 48 at 3). Ambiguity as a result of the judgment, as Coleman claims here, is not grounds to alter judgment. The argument over ambiguity in the language could have been presented at the dismissal stage, but it is not proper now after the Court has already dismissed the claims pertaining to this very language. 59(e) motions "are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment," such as Coleman demonstrates here. *Miller*, 683 F.3d at 813. Plaintiff cannot meet her burden to demonstrate that any alleged ambiguity in interpretation was a clear and manifest error by the Court.

Lastly, Coleman alleges that the Court "misapprehended the Policy's promise of payment in the event of a total loss." (Dkt. 48 at 3; *see also* Dkt. 52 at 1-2). However, Coleman does not clearly show how the Court misapprehended the policy's language, and instead continues to litigate in favor of their desired policy interpretation, an issue that has already been dismissed. In fact, Coleman continues to cite to case law on the definition of actual cash value encompassing a promise to pay sales tax, seeking another bite at the apple. (Dkt. 52 4-5). This Court has already spilled sufficient ink on why this interpretation is disfavored. (Dkt. 45 at 4-5). As pointed out by Defendants, Coleman "cannot complain about the manner in which this Court addressed Plaintiff's arguments about actual cash value and the alleged obligation to pay sales tax, because this Court was directly responding to Plaintiff's own analysis of the policy." (Dkt. 51 at 4). Rule 59(e) motions should "not to be used to 'rehash' previously rejected arguments," such as Coleman attempts here. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014

To use language from a case Coleman cites as support, "[i]n no case, should a Rule 59(e) motion give the 'unhappy litigant one additional chance to sway the judge.'" (*Craig*, 1986 WL at *1) (citing *Durkin v. Taylor*, 444 F.Supp.879, 8889 (E.D. Va. 1977). That this Court disagrees with Coleman's interpretation does not mean that we misapprehend the policy language. We assure Coleman that this Court has taken due care to review the materials submitted, including the policy language. While unsurprising that Coleman disagrees with this Court's decision, a motion to alter judgment is wholly inappropriate on these grounds.

## CONCLUSION

Because Plaintiff has not shown either new facts or that the Court committed a manifest error of fact or law, her Motion to Alter Judgment [Dkt. 47] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: March 18, 2020